**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Benjamin MARTINEZ–VALDIOSERA,**
**Defendant–Appellant.**

No. 08–30038.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 7, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas John Hanlon, Assistant U.S., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Rebecca Louise Pennell, Esquire, Assistant Federal Public Defender, Yakima, WA, for Defendant–Appellant.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Benjamin Martinez–Valdiosera appeals from the 60–month sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8

** This disposition is not appropriate for publication and is not precedent except as provid-

U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Martinez–Valdiosera contends that the district court committed error under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by enhancing his sentence beyond the two-year statutory maximum, because the temporal relationship between his prior removal and qualifying prior conviction was not alleged in the indictment, and he did not admit these facts pursuant to his guilty plea. We disagree. The indictment alleged the date of Martinez–Valdiosera's removal, and the district court's determination that the removal occurred after his prior conviction did not violate *Apprendi. See United States v. Calderon–Segura,* 512 F.3d 1104, 1111 (9th Cir.2008); *United States v. Salazar–Lopez,* 506 F.3d 748, 752–56 (9th Cir.2007).

**AFFIRMED.**